

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00175-CR

**LONNIE EUGENE WALSH,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the County Court
Somervell County, Texas
Trial Court No. M-07956

## MEMORANDUM OPINION

Appellant, Lonnie Eugene Walsh, was charged by complaint and information with the misdemeanor offenses of resisting arrest and failure to identify/giving false/fictitious information. Walsh pleaded "not guilty" to both charges. After a jury trial on both charges, Walsh was convicted of only resisting arrest. The jury assessed punishment at twelve months' incarceration in the Somervell County Jail with a $1,000 fine. The trial court suspended the jury's sentence and placed Walsh on community supervision for a

period of eighteen months and imposed various conditions as part of Walsh's community supervision. The trial court certified Walsh's right to appeal, and on May 24, 2017, Walsh filed his pro se notice of appeal.

## I.    *ANDERS* **BRIEF**

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and

(3) informed Walsh of his right to review the record and file a pro se brief or response.[1]

*See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant has filed a pro se response.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record, counsel's brief, and appellant's pro se response and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] The record reflects that appellant has filed numerous motions for extension of time to file his pro se response, complaining that he was not provided a complete record. On January 24, 2018, we ordered appellate counsel to provide appellant with copies of the Clerk's and Reporter's Record and all documents in the appellate record to assist appellant in the filing of his pro se response. We also ordered appellant to file his pro se response within thirty days of appellate counsel's compliance with our January 24, 2018 order. On February 2, 2018, appellate counsel informed this Court that he had complied with our January 24, 2018 order. Thereafter, appellant has filed two additional motions for extension of time, as well as a partial pro se response. In response to appellant's last motion for extension of time, we ordered appellant to file his complete pro se response within thirty days of March 27, 2018. Appellant has not responded to our March 27, 2018 letter order. Nor has he filed his purported completed pro se response. In any event, based on appellate counsel's assertions, as well as our review of the record, we have fair assurance that appellate counsel has complied with the Court of Criminal Appeals's decision in *Kelly v. State*. *See* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in this case. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4;

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

*see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 6, 2018
Do not publish
[CR25]

